CARROLL, The (WINNE v.). See Case No. 17,876a.

CARRONI, The (SEAVER v.). See Case No. 12,593.

CARRUTH (SNOW v.). See Case No. 13,-144.

---

## Case No. 2,459.

### Ex parte CARSON.

[4 Hughes, 215.]

Circuit Court, D. Maryland. Nov. 24, 1873.

REVENUE OFFICER—PROSECUTION IN STATE COURT FOR ACT DONE UNDER COLOR OF FEDERAL LAWS —PETITION FOR HABEAS CORPUS— SUFFICIENCY.

[1. Section 3 of the act of March 2, 1833 (4 Stat. 633), providing for the removal of suits or prosecutions commenced in a state court against an officer of the United States, is not applicable to criminal indictments.]

[2. Where an internal revenue officer is confined under an indictment in the state courts for an offense alleged by him to have been committed under color of the laws of the United States, a petition by him for a writ of habeas corpus should be under the seventh section of the act authorizing the granting of the writ in such a case.]

[3. The burden of proof is on the petitioner to show justification for the act under the seventh section, and this he must fully and affirmatively do before the court can take jurisdiction to discharge him.]

[A prosecution for murder, in the criminal court of Baltimore city, was commenced against George M. Carson, customs inspector for the Baltimore district; and on November 6, 1873, he filed a petition for a writ of habeas corpus, and for removal of the cause to the circuit court. The petition set forth that he was an officer of the United States, and that the offense with which he stood charged was done under color of the revenue laws of the United States, within the meaning of the act of March 2, 1833, § 3; 4 Stat. 633.

[There was a motion to dismiss the petition and remand the cause for want of jurisdiction.]

A. Stirling, Jr., Dist. Atty., for petitioner.
A. Geo. Knott, for state of Maryland.

BOND, Circuit Judge. We are of the opinion after consideration of the arguments presented in this cause that the third section of the act of congress of 1833, under which this petition is filed, is not applicable to criminal indictments. We are of opinion that the petitioner must file his petition under the seventh section of the act, alleging the fact that the act for which he is prosecuted and indicted was done in his capacity as an officer of the United States, and in pursuance of his duty as such, and in execution of the power with which he was clothed. Upon consideration of such petition, and proof of the facts alleged, the court would discharge the party, and, if satisfied the facts were not proven as alleged, would remand the prisoner to the state court for trial. This petition is not filed under the seventh, but under the third, section of the act of 1833; and, as we are of the opinion that this section applies only to civil causes, it must be dismissed and the cause remanded.

[A second petition, filed January 7, 1874, sought relief under the seventh section of the act of March 2, 1833. A writ of habeas corpus was granted, and on the return thereof the following opinion was delivered:]

BOND, Circuit Judge. From a consideration of the facts and the arguments of counsel in this case, while I am of opinion that the homicide for which this petitioner is in custody was accidental, yet, as the burden of proof in support of the facts alleged in his petition is upon the prisoner to show that justification which is contemplated by the seventh section of the act of 1833, I cannot satisfy myself that he has fully and affirmatively done so. This he must do before I have jurisdiction to discharge him, and I can only therefore now dismiss the petition.